# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14534-CIV-ROSENBERG/MAYNARD

JOHNNA EHRLICH,

    Plaintiff,

v.

COMENITY CAPITAL BANK, a Subsidiary of Comenity LLC,

    Defendant.

_____/

FILED by _____ D.C.
AUG 0 7 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (DE 32)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply[1], this Court finds as follows:

1. At some point in April (the Defendant says it was on the 22nd, and not the 7th, of April) the Plaintiff sent her First Set of Interrogatories and her First Request for Production to the Defendant. The Defendant did not answer those two sets of discovery requests until May 22nd (the extended deadline to which the Plaintiff had agreed). Even still the Defendant's answer was only partial. The Defendant relied heavily on boilerplate objections at the time of its initial answer.

---

[1] The Plaintiff filed her Reply on Friday, August 4th but after the noontime deadline. This Court hereby accepts the technically late Reply as timely and takes it into consideration.

2. The Defendant says the Plaintiff's conferral effort during the time period after its May 22nd initial answer was insufficient. The Defendant complains that the Plaintiff limited the conferral to demanding the Defendant to withdraw its objections. The Defendant complains that the Plaintiff did not articulate its discovery requests with the degree of specificity that it was waiting for. In any event one obstacle to the production of responsive discovery was resolved during this period of time. On June 27th the parties agreed to a Confidentiality Order to protect the sharing of sensitive information.

3. Still other progress was made regardless of the sufficiency of the Plaintiff's conferral effort. On June 25th the Defendant made its first supplemental production with the promise of additional information to come.

4. On June 29th this Court rendered a discovery order in this case. Although it concerned a separate discovery dispute, that Order squarely informed the parties of the need to fulfill their discovery obligations in a good faith and common sense way. That Order also reminded the parties to act expeditiously to complete discovery before the September 8, 2017 deadline.

5. On July 7th the Defendant made a second supplemental production. On July 17th the Defendant reported an anticipated third supplemental production that still was to come. The

Plaintiff filed the instant Motion to Compel on July 19th. The Defendant's Response indicates that still more information will be produced, but as the Plaintiff emphasizes in her Reply, that promised production remains outstanding.

6. This Court will use this Order to resolve those discovery disputes that remain outstanding after the briefing of the instant Motion to Compel. Before turning to the substance of those disputes, this Court makes a finding of a procedural nature first. This Court notes two basic deadlines. First the Defendant had thirty days to answer both the Requests for Production, see Rule 34(b)(2)(A), Fed.R.Civ.P., and the Interrogatories, see Rule 33(b)(2), Fed.R.Civ.P. Second the Plaintiff had thirty days from the Defendant's answer to seek judicial relief. See Local Rule 26.1(g). And of course there is the requirement to engage in a good faith conferral before seeking judicial relief. It is difficult to see how these requirements were met here. The Response and Reply narrow the issues down greatly, but that should have been achieved much sooner in the process and before the filing of the Motion to Compel. As the timing now stands, these discovery disputes are being addressed during the same week when the Plaintiff is deposing the Defendant's corporate representatives and officers.

7. Ruling on the substance of the remaining discovery disputes, this Court finds the Plaintiff entitled to relief. The

Defendant shall answer Interrogatory No. 3 regarding contact information for its two former employee fact witnesses. The Defendant shall answer Interrogatory No. 2 by answering specifically how many times it called the Plaintiff's cell phone number. The Defendant shall answer this interrogatory with a specific (not approximate) number even if that information can be gleaned from underlying records and without awaiting reconciliation with the Plaintiff's telephone records.

8. The Defendant shall answer those several requests (Requests for Production Nos. 1, 2, 10, 27–29, 46–48, and 59) that seek its policies and procedures for complying with laws that govern telephone calls and collection activity in place during the relevant time period. The Defendant shall use good faith and common sense to produce those policies and procedures that relate to the violations that the Plaintiff is alleging for her situation. As for redactions, the Defendant shall prepare a Privilege Log to account for what redactions it has made and why. This Court allows the redactions on the Defendant's representation to this Court that the redacted information is both highly sensitive and irrelevant to the Plaintiff's theories of relief.

9. Lastly this Court grants those several requests (Requests for Production Nos. 38–45 and 50–53) that seek complaints made to the Defendant during 2014 through 2017 from

consumers or governmental agencies about unlawful telephone calls similar to what the Plaintiff alleges she experienced. The Defendant shall produce records of such complaints whether made formally or informally consistent with how it receives, collects, and maintains them in the regular course of its business and recordkeeping operations. If the Defendant lacks any such database or means of recordkeeping that is accessible and searchable with a reasonable degree of effort, the Defendant shall make a clear explanation of such.

10. The Defendant shall comply with this Order by FRIDAY, AUGUST 18, 2017. This Court gives the Defendant the benefit of some additional time to gather this information. However the Defendant shall not construe this Friday, August 18th deadline as a shield that prevents deponents from answering relevant questions during this week's depositions.

It is hereby,

**ORDERED AND ADJUDGED** that the Motion to Compel (DE 32) is **GRANTED** as explained above. The Defendant shall comply by **FRIDAY, AUGUST 18, 2017.** This Court denies at this time to award fees and costs or to impose any sanctions. However this Court will continue to monitor all future discovery disputes for careful, good faith, and common sense compliance with all general discovery obligations and this Court's discovery Orders to-date.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of August, 2017.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE